**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ERIC WYNN, ROCHELLE EDWARDS, | ) | |
| and TISHA MAR CALLO, individually and | ) | |
| on behalf a class of persons similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| EXPRESS, LLC, | ) | Jury Trial Demanded |
| | ) | |
| Defendant. | ) | |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Eric Wynn ("Wynn"), Rochelle Edwards ("Edwards"), and Tisha Mar Callo ("Callo"), individually and on behalf of a class of persons similarly situated (collectively, "Plaintiffs"), through their attorneys, James X. Bormes, Jeffrey Grant Brown, and Thomas M. Ryan, complain against Defendant Express, LLC ("Defendant") as follows:

## INTRODUCTION

1.      Plaintiffs are current or former employees of Defendant who filed this collective action lawsuit because Defendant did not pay them for the work they performed when they carried cash and checks to deposit at Defendant's bank each night. Defendant's practice was to require both one co-manager and one hourly employee to perform this work together, without pay, every evening. While the amount of uncompensated time for each employee making the nightly deposit was usually less than an hour, the savings for Defendant, which is one of the largest retailers in the United States, has been enormous. Plaintiffs seek collective action certification of three classes, one comprised of co-managers and the other two comprised of hourly employees who worked for Defendant throughout the United States.

## THE PARTIES AND JURISDICTION

2.     Plaintiff Wynn  (the "Co-Manager Plaintiff"), on behalf of himself and all other similarly situated managerial employees, brings this action to recover from Defendant unpaid overtime wages, liquidated damages, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (Count I).  Plaintiff Wynn also brings an individual count to recover from Defendant unpaid overtime wages, statutory penalties, attorneys' fees, and costs, pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq*. (Count IV).

3.     Plaintiffs Edwards and Callo (the "Hourly Plaintiffs"), on behalf of themselves and all other similarly situated hourly employees, bring this action to recover from Defendant unpaid minimum wages, overtime compensation, liquidated damages, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (Count II).  Plaintiff Callo also brings two individual counts to recover from Defendant unpaid overtime wages, statutory penalties, attorneys' fees, and costs, pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq*. (Count IV), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*. (Count IV).

4.     Jurisdiction is conferred by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), on the basis of federal question jurisdiction, as the matter concerns an action arising under the laws of the United States.  This Court has supplemental jurisdiction over Plaintiffs Wynn and Callo's individual state law claims pursuant to 28 U.S.C. § 1367.

5.     Venue is proper in this Court as the illegal conduct alleged herein occurred in this district.

6.     Plaintiff Wynn is a resident of Chicago, Illinois, and is a former non-exempt Co-Manager of Defendant.  Wynn worked at Defendant's store in Lincolnwood, Illinois.

2

7.      Plaintiff Edwards is a resident of Detroit, Michigan, and is a former non-exempt, hourly employee of Defendant.  Edwards worked at Defendant's stores located in Harper Woods, Michigan; Okemos, Michigan; and Sterling Heights, Michigan.

8.      Plaintiff Callo is a resident of Chicago, Illinois and is a former non-exempt, hourly employee of Defendant.  Callo worked at Defendant's stores in Chicago, Illinois, and Norridge, Illinois.

9.      Defendant Express, LLC ("Express" or "Defendant") is a Delaware limited liability company qualified to do business in several states, including Illinois and Michigan. Defendant's business involves, among other things, selling clothing at retail to customers throughout the United States.

10.     Defendant is the sixth largest specialty retail apparel store in the United States.

11.     As of January 10, 2010, Defendant operated about 573 stores in the Unites States.

12.     In the fiscal year ended January 31, 2010, Defendant net sales of $1.721 billion, and generated $75,000,000 in net income.

DEFENDANT'S POLICY REGARDING PAYING CO-MANAGERS<br><u>FOR TIME WORKED IN EXCESS OF FORTY HOURS PER WORKWEEK</u>

13.     Defendant at all times promised its co-managers such as the Co-Manager Plaintiff that it would pay them a salary and an agreed-upon rate for all time in a week in which they would work more than forty hours.

14.     Defendant's co-managers, including the Co-Manager Plaintiff, routinely work or worked in excess of forty hours per week for Defendant in any given workweek.

3

15.     Defendant purportedly pays and has paid its co-managers, including the Co-Manager Plaintiff, a salary for the first forty hours per week they worked; and an agreed-upon amount for all time worked in excess of forty hours per week.

16.     The additional amount Defendant promised to pay to its co-managers, including the Co-Manager Plaintiff, for all time worked over forty hours per week is calculated by dividing their weekly salary by forty hours to create an imputed hourly rate, and then dividing that imputed hourly rate by two, thus paying the co-managers, including the Co-Manager Plaintiff, half their imputed hourly rate for all time worked beyond forty hours per week.

DEFENDANT'S POLICY OF REQUIRING
ITS EMPLOYEES TO WORK OFF-THE-CLOCK

17.     Plaintiffs and other similarly situated employees undertake significant risk by possessing and carrying significant amounts of cash and checks, solely for Defendant's convenience, virtually every business day evening, with no security provided by Defendant, and without receiving any compensation for their time spent performing this work for Defendant.

18.     Defendant's insistence that Plaintiffs perform this service without compensating them causes Plaintiffs to work "off-the-clock" and without pay, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (the "FLSA"), the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq*. (the "IWPCA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*. (the "IMWL").

19.     Defendant has a policy and practice of requiring both a co-manager and an hourly employee to complete a daily bank deposit after they have "clocked out" for the day and are off are "off-the-clock", thereby causing Plaintiffs to work without pay.

4

20.     Defendant's failure to compensate Plaintiffs at each Plaintiff's respective agreed-upon wage has caused Plaintiffs to suffer harm.

21.     Plaintiffs are entitled to receive the proper amount of compensation for all time they worked, including time "off-the-clock".

22.     Defendant did not accurately record all time worked by Plaintiffs and specifically did not include time these employees spent performing integral and indispensable job duties, including handling bank deposits after the end of their scheduled shift time.

23.     Defendant did not pay Plaintiffs to perform this and other integral and indispensable tasks.

24.     The net effect of Defendant's policies and practices, instituted and approved by company managers, is that Defendant willfully failed to pay regular and overtime compensation to Plaintiffs and willfully failed to keep accurate time records to save payroll costs.  Defendant thus enjoyed ill-gained profits at the expense of its hourly and managerial employees.

<u>DEFENDANT'S FAILURE TO PAY PROPER<br>MINIMUM WAGES TO ITS HOURLY EMPLOYEES</u>

25.     Defendant paid many of its hourly employees, including the Hourly Plaintiffs, no more than the applicable statutory minimum wage in effect at the time.

26.     Defendant's policy and practice of requiring certain of its employees, including the Hourly Plaintiffs and other non-exempt, hourly employees, to travel and complete a daily bank deposit at Defendant's bank while the Hourly Plaintiffs and other hourly employees were "off-the-clock", has caused and continues to cause the Hourly Plaintiffs and certain other similarly situated hourly employees to work "off-the-clock" and without pay for such work

performed, in violation of Section 6 of the FLSA, 29 U.S.C. § 206, Section 4 of the IWPCA, 820

ILCS § 115/4, and Section 4 of the IMWL, 820 ILCS § 105/4.

27.     Defendant's failure to compensate its non-exempt, hourly employees such as the

Hourly Plaintiffs with the full amount of the applicable minimum wage has caused them to suffer

harm.

28.     Defendant's non-exempt, hourly employees are entitled to compensation for all

time they worked "off-the clock" and without pay in any given workweek.

DEFENDANT'S FAILURE TO PAY PROPER
OVERTIME WAGES TO ITS HOURLY EMPLOYEES

29.     The Hourly Plaintiffs at times work or worked in excess of forty hours per week

for Defendant in a given workweek.

30.     Defendant's policy and practice of requiring certain of its employees, including

the Hourly Plaintiffs and other non-exempt, hourly employees, to travel and complete a daily

bank deposit at Defendant's bank while the Hourly Plaintiffs and other hourly employees were

"off-the-clock" in many instances has caused and continues to cause the Hourly Plaintiffs and

certain other similarly situated hourly employees to work in excess of forty hours per week,

without being properly compensated at a wage of 1.5 times each Hourly Plaintiff's respective

hourly rate for such work performed, as required by Section 7 of the FLSA, 29 U.S.C. § 207, and

Section 4a of the IMWL, 820 ILCS § 105/4a.

31.     Defendant's failure to compensate its non-exempt, hourly employees such as the

Hourly Plaintiffs at a wage of 1.5 times their hourly rate for all time worked in excess of forty

hours per workweek has caused them to suffer harm.

32.     Defendant's non-exempt, hourly employees are entitled to overtime compensation for all hours they worked in excess of forty hours in any given workweek.

DEFENDANT'S FAILURE TO PAY PROPER
OVERTIME WAGES TO ITS CO-MANAGERS

33.     Defendant's co-manager, including the Co-Manager Plaintiff, at times work or worked in excess of forty hours per week for Defendant in a given workweek.

34.     Defendant's policy and practice of requiring certain of its employees, including the Co-Manager Plaintiff and other co-manager employees, to travel and complete a daily bank deposit at Defendant's bank while the Co-Manager Plaintiff and other co-manager employees were "off-the-clock" in most instances has caused and continues to cause the Co-Manager Plaintiff and certain other similarly situated co-manager employees to work in excess of forty hours per week, without being properly compensated at the agreed-upon, imputed hourly rate for all time worked in excess of forty hours per workweek, as required by Section 7 of the FLSA, 29 U.S.C. § 207, and Section 4a of the IMWL, 820 ILCS § 105/4a.

35.     Defendant's failure to compensate its co-manager employees such as the Co-Manager Plaintiff at the agreed-upon, imputed hourly rate for all time worked in excess of forty hours per workweek has caused them to suffer harm.

36.     Defendant's co-manager employees are entitled to overtime compensation for all time they worked in excess of forty hours in any given workweek.

COLLECTIVE ACTION ALLEGATIONS

37.     The Co-Manager Plaintiff brings this action as a collective action on behalf of himself and all other current and former co-manager employees of Defendant who Defendant required to perform the bank deposit tasks described herein.

7

38.     The Co-Manager Plaintiff seeks to send notice of this lawsuit to the following described persons:

> All persons who worked for Defendant as co-managers throughout the United States at any time between June 28, 2008 and the present who did not receive the full amount of overtime wages earned and owed to them (the "Co-Manager Sub-Class").

39.     The Hourly Plaintiffs bring this action as a class action on behalf of themselves and all other current and former hourly employees of Defendant who Defendant required to perform the bank deposit tasks described herein.

40.     The Hourly Plaintiffs seek to send notice of this lawsuit to the following described persons:

> All persons who worked for Defendant as hourly employees throughout the United States at any time between June 28, 2008 and the present who did not receive the full amount of minimum wages earned and owed to them (the "Hourly Minimum Wage Sub-Class").

> and

> All persons who worked for Defendant as hourly employees throughout the United States at any time between June 28, 2008 and the present who did not receive the full amount of overtime wages earned and owed to them (the "Hourly Overtime Wage Sub-Class").

41.     There are questions of law or fact common to the categories of employees described in paragraphs 38 and 40.

42.     Plaintiff Wynn is similarly situated to the employees in paragraph 38, as Plaintiff's claims are typical of the claims of those persons.

43.     Plaintiffs Edwards and Callo are similarly situated to the employees in paragraph 40, as Plaintiffs' claims are typical of the claims of those persons.

44.     Plaintiff Wynn's claims or defenses are typical of the claims or defenses of the persons described in paragraph 38.

45.     Plaintiffs Edwards and Callo's claims or defenses are typical of the claims or defenses of the persons described in paragraph 40.

46.     This is not a collusive or friendly action.  Plaintiffs have retained counsel experienced in complex employment litigation, and Plaintiffs and their counsel will fairly and adequately protect the interests of the persons described in paragraphs 38 and 40.

47.     A collective action is the most appropriate method for the fair and efficient resolution of the matters alleged herein.

48.     At all relevant times, Defendant employed Plaintiffs and the persons described in paragraphs 38 and 40.

49.     At all relevant times, Defendant paid Plaintiffs and the persons described in paragraphs 38 and 40 to work.

50.     At all relevant times, Defendant has been an "employer" as defined by Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

51.     At all relevant times, Plaintiffs and the persons described in paragraphs 38 and 40 have been "employees" of Defendants as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

<u>COUNT I – FLSA</u>
(Failure to Pay Overtime Wages Earned by Co-Managerial Employees)

52.     The Co-Manager Plaintiff realleges and incorporates by reference Paragraphs 1 through 51 as Paragraph 52 of this Count I.

9

53.     The Co-Manager Plaintiff and the members of the Co-Manager Sub-Class described in paragraph 38 seek to recover from Defendant unpaid overtime wages, liquidated damages, attorneys' fees, and costs pursuant to Section 7 of the FLSA, 29 U.S.C. § 207.

54.     During the relevant period, and at Defendant's request, the Co-Manager Plaintiff and the other members of the Co-Manager Sub-Class described in paragraph 38 performed labor for Defendant.

55.     In exchange for said labor, Defendant promised to pay the Co-Manager Plaintiff and each other member of the Co-Manager Sub-Class described in paragraph 38 at an imputed, agreed-upon rate for all time each such individual worked for Defendant in excess of forty hours in any given workweek.

56.     The Co-Manager Plaintiff and the other members of the Co-Manager Sub-Class described in paragraph 38 are entitled to be paid the imputed, agreed-upon rate for all time they worked in excess of forty hours per workweek pursuant to Section 7 of the FLSA, 29 U.S.C. § 207.

57.     Defendant has failed to pay the Co-Manager Plaintiff and the other members of the Co-Manager Sub-Class described in paragraph 38 the full amount due for all overtime hours worked, because Defendant did not pay them for the bank deposit work described herein, in violation of Section 7 of the FLSA, 29 U.S.C. § 207.

58.     Defendant's violation of the FLSA was willful.

59.     The Co-Manager Plaintiff and the other members of the Co-Manager Sub-Class described in paragraph 38 have been damaged by not being paid the full amount of overtime wages due to them for all time worked in excess of forty hours per workweek, in an amount not presently ascertainable, for the relevant time period.

10

WHEREFORE, the Co-Manager Plaintiff prays that this Court award him the following relief under Count I: (a) grant Plaintiff's counsel leave to send notice of this lawsuit to the members of the Co-Manager Sub-Class described in paragraph 38 and allow them the opportunity to opt-in as party plaintiffs pursuant to Section 16 of the FLSA, 29 U.S.C. § 216; (b) award the Co-Manager Plaintiff and all persons who opt-in all unpaid overtime wages they earned, plus liquidated damages; (c) award the Co-Manager Plaintiff and all persons who opt-in their attorneys' fees and costs; and (d) grant such further relief as this Court deems equitable and just.

COUNT II – FLSA
(Failure to Pay Minimum Wages to Non-Exempt, Hourly Employees)

60.     The Hourly Plaintiffs reallege and incorporate by reference Paragraphs 1 through 51 as Paragraph 60 of this Count II.

61.     The Hourly Plaintiffs and the members of the Hourly Minimum Wage Sub-Class described in paragraph 40 seek to recover from Defendant unpaid minimum wages, liquidated damages, attorneys' fees, and costs pursuant to Section 6 of the FLSA, 29 U.S.C. § 206.

62.     During the relevant period, and at Defendant's request, the Hourly Plaintiffs and the other members of the Hourly Minimum Wage Sub-Class described in paragraph 40 performed labor for Defendant.

63.     Defendant's practice of requiring the Hourly Plaintiffs and the other members of the Hourly Minimum Wage Sub-Class described in paragraph 40 to work for Defendant but failing to pay them applicable minimum wage for such time worked completing the bank deposit work described herein, has resulted in the Hourly Plaintiffs and the other members of the Hourly

11

Minimum Wage Sub-Class described in paragraph 40 not being paid the full amount of minimum wages owed to them, in violation of Section 6 of the FLSA, 29 U.S.C. § 206.

64.     Defendant's violation of the FLSA was willful.

65.     The Hourly Plaintiffs and the other members of the Hourly Minimum Wage Sub-Class described in paragraph 40 have been damaged by not being paid the proper amount of minimum wages due to them, in an amount not presently ascertainable, for the relevant time period.

WHEREFORE, the Hourly Plaintiffs pray that this Court award them the following relief under Count II: (a) grant Plaintiffs' counsel leave to send notice of this lawsuit to the members of the Hourly Minimum Wage Sub-Class described in paragraph 40 and allow them the opportunity to opt-in as party plaintiffs pursuant to Section 16 of the FLSA, 29 U.S.C. § 216; (b) award the Hourly Plaintiffs and all persons who opt-in all unpaid minimum wages they earned, plus liquidated damages; (c) award the Hourly Plaintiffs and all persons who opt-in their attorneys' fees and costs; and (d) grant such further relief as this Court deems equitable and just.

## COUNT III – FLSA
(Failure to Pay Overtime Wages to Non-Exempt, Hourly Employees)

66.     The Hourly Plaintiffs reallege and incorporate by reference Paragraphs 1 through 51 as Paragraph 66 of this Count III.

67.     The Hourly Plaintiffs and the members of the Hourly Overtime Wage Sub-Class described in paragraph 40 seek to recover from Defendant unpaid overtime wages, liquidated damages, attorneys' fees, and costs pursuant to Section 7 of the FLSA, 29 U.S.C. § 207.

68. During the relevant period, and at Defendant's request, the Hourly Plaintiffs and the members of the Hourly Overtime Wage Sub-Class described in paragraph 40 performed labor for Defendant.

69. Defendant's practice of requiring the Hourly Plaintiffs and the members of the Hourly Overtime Wage Sub-Class described in paragraph 40 to work for Defendant in excess of forty hours per workweek but failing to pay them 1.5 times their hourly rate for such time worked has resulted in the Hourly Plaintiffs and the members of the Hourly Overtime Wage Sub-Class described in paragraph 40 not being paid the full amount of overtime wages owed to them, in violation of Section 7 of the FLSA, 29 U.S.C. § 207.

70. Defendant's violation of the FLSA was willful.

71. The Hourly Plaintiffs and the members of the Hourly Overtime Wage Sub-Class described in paragraph 40 have been damaged by not being paid the proper amount of overtime wages due to them, in an amount not presently ascertainable, for the relevant time period.

WHEREFORE, the Hourly Plaintiffs pray that this Court award them the following relief under Count III: (a) grant Plaintiffs' counsel leave to send notice of this lawsuit to the members of the Hourly Overtime Wage Sub-Class described in paragraph 40 and allow them the opportunity to opt-in as party plaintiffs pursuant to Section 16 of the FLSA, 29 U.S.C. § 216; (b) award the Hourly Plaintiffs and all persons who opt-in all unpaid overtime wages they earned, plus liquidated damages; (c) award the Hourly Plaintiffs and all persons who opt-in their attorneys' fees and costs; and (d) grant such further relief as this Court deems equitable and just.

<u>COUNT IV – ILLINOIS WAGE PAYMENT AND COLLECTION ACT</u>

72. Plaintiffs Wynn and Callo reallege and incorporate by reference Paragraphs 1 through 36 as Paragraph 72 of this Count IV.

13

73.     Plaintiffs Wynn and Callo, individually, bring this Count IV to recover from Defendant unpaid wages, overtime compensation, statutory penalties, attorneys' fees, and costs, pursuant to Section 14(a) of the Illinois Wage Payment and Collection Act, 820 ILCS § 115/14(a).

74.     Defendant's insistence that Plaintiffs Wynn and Callo perform bank deposit work without compensating them caused them to work "off-the-clock" and without pay, in violation of the IWPCA.

75.     At all times relevant, Defendant Express been an "employer" as that term is defined by Section 2 of the IWPCA, 820 ILCS § 115/2.

76.     At all times relevant, Plaintiffs Wynn and Callo have been "employees" of Defendant, as that term is defined by Section 2 of the IWPCA, 820 ILCS § 115/2.

77.     At all times relevant, and at Defendant's request, Plaintiffs Wynn and Callo performed labor for Defendant.

78.     In exchange for said labor, Defendant promised to pay Plaintiffs Wynn a salary for the first forty hours per week he worked.  Defendant also promised to pay Plaintiff Wynn an agreed-upon amount for all time he worked in excess of forty hours per week, which was calculated by dividing his weekly salary by forty hours to create an imputed hourly rate, and then dividing that imputed hourly rate by two, thus paying Plaintiff Wynn half his imputed hourly rate for all time worked beyond forty hours per week.

79.     In exchange for said labor, Defendant promised to pay Plaintiff Callo at an hourly rate agreed upon between Plaintiff Callo and Defendant.  Defendant also promised to pay Plaintiff Callo an amount of 1.5 times her agreed-upon hourly rate for all time she worked in excess of forty hours per workweek.

14

80.     Plaintiffs Wynn and Callo are entitled to be paid the specified rates agreed upon for all hours they worked pursuant to Section 4 of the IWCPA, 820 ILCS § 115/4.

81.     Defendant has failed to pay Plaintiffs Wynn and Callo the full amount due for all time worked, because Defendant did not pay them for the bank deposit work described herein, in violation of the IWPCA, 820 ILCS § 115/4.

82.     Plaintiffs Wynn and Callo have been damaged by not being paid the full amount of wages due to them for all time worked, in an amount not presently ascertainable, for the relevant time period.

        WHEREFORE, Plaintiffs Wynn and Callo pray that this Court award them the following relief under Count IV: (a) all unpaid wages they earned, plus applicable statutory penalties; (b) their attorneys' fees and costs; and (c) grant such further relief as this Court deems equitable and just.

## COUNT V – ILLINOIS MINIMUM WAGE LAW

83.     Plaintiff Callo realleges and incorporates by reference Paragraphs 1 through 36 as Paragraph 83 of this Count V.

84.     Plaintiff Callo, individually, seeks to recover from Defendant unpaid minimum and overtime wages, statutory penalties, attorneys' fees, and costs pursuant to Section 12(a) of the Illinois Minimum Wage Law, 820 ILCS 105/12(a).

85.     At all times relevant, Defendant Express has been an "employer" as that term is defined by Section 3(c) of the IMWL, 820 ILCS § 105/3(c).

86.     At all times relevant, Plaintiff Callo has been an "employee" of Defendant, as that term is defined by Section 3(d) of the IMWL, 820 ILCS § 105/3(d).

15

87.     At all times relevant, and at Defendant's request, Plaintiff Callo performed labor for Defendant.

88.     Defendant's practice of requiring Plaintiff Callo to work for Defendant but failing to pay the full amount of minimum wages for such time worked up to forty hours per workweek has resulted in Plaintiff Callo not being paid the full amount of minimum wages owed to her, in violation of Section 4 of the IMWL, 820 ILCS § 105/4.

89.     Defendant's practice of requiring Plaintiff Callo to work for Defendant in excess of forty hours per workweek but failing to pay her 1.5 times her hourly rate for such time worked has resulted in Plaintiff Callo not being paid the full amount of overtime wages owed to her, in violation of Section 4a of the IMWL, 820 ILCS § 105/4a.

90.     Plaintiff Callo has been damaged by not being paid the proper amount of overtime wages due to her, in an amount not presently ascertainable, for the relevant time period.

WHEREFORE, Plaintiff Callo prays that this Court award her the following relief under Count V: (a) award her all unpaid minimum and overtime wages she earned, plus statutory penalties; (b) award her the attorneys' fees and costs she has incurred; and (c) grant such further relief as this Court deems equitable and just.

Respectfully submitted,

ERIC WYNN, ROCHELLE EDWARDS, and
TISHA MAR CALLO, individually and on behalf
of a class of persons similarly situated,

/s/ James X. Bormes
One of Plaintiffs' Attorneys

16

James X. Bormes                           Jeffrey Grant Brown
Law Office of James X. Bormes, P.C.       Converse & Brown, LLC
8 South Michigan Avenue                   35 East Wacker Drive
Suite 2600                                Suite 650
Chicago, Illinois  60603                  Chicago, Illinois  60601
(312) 201-0575                            (312) 789-9700

Thomas M. Ryan
Law Office Thomas M. Ryan, P.C.
35 E. Wacker Drive
Suite 650
Chicago, Illinois  60601
(312) 726-3400