# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ERIC WYNN, ROCHELLE EDWARDS, and TISHA MAR CALLO, individually and on behalf a class of persons similarly situated, | Hon. James F. Holderman |
| | Hon. Mag. Susan E. Cox |
| Plaintiffs, | |
| | Case No. 11 cv 4588 |
| v. | |
| EXPRESS, LLC, | |
| Defendant. | |

## PLAINTIFFS' MOTION TO COMPEL

Plaintiffs, Eric Wynn, Rochelle Edwards and Tisha Mar Callo, individually and on behalf of a class of persons similarly situated, by their attorneys, respectfully request that this Court enter an Order compelling Defendant Express, LLC to store bank deposits logs, a privilege log regarding a 2010 bank deposit survey, and several witnesses for deposition. In support of this motion, Plaintiffs state as follows:

### Summary

1. Plaintiffs bring their claims under the Fair Labor Standards Act ("FLSA") for making unpaid bank deposits for Express, a nationwide clothing retailer. Plaintiffs seek a nationwide class of employees, following the settlement in Illinois of similar claims involving approximately 19,000 employees.

2. Express admits that making the bank deposits is compensable "work" performed on behalf of Express.

3. In this Motion, Plaintiffs seek the production of i) store bank deposit logs from the stores where Plaintiffs worked; and ii) a privilege log regarding an Illinois 2010 survey by

1

Express regarding its bank deposit practices. Plaintiffs also seek dates certain for the depositions of five witnesses who have knowledge of Express's bank deposit practices.

4. Plaintiffs' class certification memorandum is due on November 4, 2011.

## Legal Standard

5. Under Rule 37, a party may move to compel discovery where another party fails to respond to a discovery request or where the party is evasive or incomplete. *Fed. R. Civ. P. 37(a)(3)-(4)*. The movant must certify a good faith attempt to confer with the party failing to produce discovery. *Fed. R. Civ. P. 37(a)(1); L.R. 37.2*.

## Document Requests and Interrogatories

### i. *Store Bank Deposit Logs*

6. Plaintiffs requested store bank deposit logs from Express in their initial July 29, 2011 production requests.

7. As Express's witnesses have testified, each time a bank deposit is completed, the employees completing the bank deposit work must initial a document known as a bank deposit report or log.

8. The bank deposit logs are probative because they will provide the parties with information regarding the identity of the individuals who completed bank deposit work for Express, including the date and possibly time when they did such work.

9. Pursuant to this Court's September 29, 2011 Order, Plaintiffs specifically discussed and requested (again) these documents during the parties' October 10, 2011 in-person meet and confirm which this Court ordered for purposes of resolving discovery issues and allowing Plaintiffs to obtain timely discovery for their November 4, 2011 class certification memorandum.

10. Plaintiffs originally sought the deposit logs for all stores in the states where Plaintiffs worked. In the spirit of compromise and reasonableness, on October 10, 2011 Plaintiffs agreed to limit their request to deposit logs for only those stores in the Districts where Plaintiffs worked.

11. At the October 12, 2011 hearing, Express did not state any objection or problem with this narrow request.

12. However, during an October 19, 2011 telephonic meet and confer, Express objected to producing the logs for all the stores in the Districts where the named Plaintiffs worked, but stated it would eventually produce the deposit logs for only the stores where the named Plaintiffs worked. Express has not yet provided a date by which it will produce such logs, nor has it produced any such logs.

13. Plaintiffs request that the logs for those stores where the named Plaintiffs worked be produced by October 28, 2011, which is almost three weeks after the Plaintiffs specifically sought at least these records during the October 10, 2011 in-person meet and confer.

### ii) *Privilege Log Regarding 2010 Survey*

14. The parties have an agreement that neither side has to produce a privilege log for every communication by counsel to their clients that occur during the life of this case.

15. However, there are matters that occurred before this litigation for which Plaintiffs seek a privilege log. Specifically, Plaintiffs seek a privilege log regarding a 2010 survey of Illinois stores regarding their bank deposit practices.

16. Plaintiffs' document production requests seek all documents relating to surveys conducted by Express regarding bank deposit practices. The results of one 2008 survey, two 2010 surveys and one 2011 survey have been produced, but Plaintiffs are seeking the underlying

documents and information upon which one of the 2010 survey results are based (the "Tom Lawless Survey").

17. Thomas Lawless is a Regional Manager for Express who presides over approximately 75 stores. He testified at his deposition in *Eggins v. Express*, the now-settled litigation involving Illinois employees of Defendant, that during August-September, 2010, he and his regional assistant completed a survey of Express's Illinois stores regarding bank deposit work. (Ex. 1)

18. During counsel's October 10, 2011 meet and confer, Plaintiffs requested Express to produce all documents relating to that survey. Plaintiffs reiterated the request in their October 11, 2011 letter.

19. Express states that the survey discussed by Mr. Lawless was a survey conducted at Express's counsel's direction, for settlement purposes in the Illinois class action, and therefore Express claimed privilege relating to any documents pertaining to or resulting from that survey.

20. On October 19, 2011, Express's counsel stated that it would produce the results of that survey to Plaintiffs' counsel, and did so on October 21, 2011. Express also contends that they do not have to produce any of the underlying documents because i) in *Eggins*, the circuit court entered an order that Plaintiffs are not allowed to use the Class List (of class members) from *Eggins* in a subsequent case (and the Tom Lawless survey was purportedly conducted for settlement purposes in *Eggins*, at the direction of counsel), and ii) the parties entered into a protective order in *Eggins* which purportedly disallows the use of confidential material from *Eggins* in another lawsuit. Neither of these reasons precludes or forbids Plaintiffs from obtaining discovery of non-privileged information in this case.

21. Despite Plaintiffs' requests, Express still has failed to produce any privilege log relating to any other documents which relate to that survey or its results. For instance, Express has stated that the survey was conducted by telephone, but Express has not produced any documents showing the results of that telephonic survey, nor any drafts or scripts relating to the survey, nor has Express produced a privilege log relating to the survey. Plaintiff again requested these documents in its October 21, 2011 letter to Express. (Ex. 2)

22. Plaintiffs request this Court to compel the production by November 1, 2011 of i) any non-privileged documents in Express's possession or control relating to the 2010 Tom Lawless Survey or its results; and ii) a privilege log regarding any such documents Express is withholding on the basis of privilege regarding this survey.

### Depositions

23. Plaintiffs noticed the depositions of the following employees of Express:

   i)   Julie Parks-Boyle, a District Manager who presided over the Michigan district of Express stores while Plaintiff Rochelle Edwards worked for Express;

   ii)  Jen Cesiak, a Sales Associate in New York (noticed for Oct. 28 in NY);

   iii) David Alves, a Co-Manager in Massachusetts (noticed for Oct. 31 in Mass.);

   iv)  Regina Walker, a Store Manager in Pennsylvania (noticed for Nov. 2 in PA.); and

   v)   Tina Gardea, a Sales Associate in Texas (noticed for Nov. 4 in TX.).

24. The parties have had numerous back-and-forths on these depositions (and Plaintiffs have taken a mere three other depositions to date – two Rule 30(b)(6) witnesses and an

information technology employee). The witness identified in *i-v* above have discoverable information regarding the bank deposit practices and wage and hour practices at the stores and district where they work.

25. Express does not want to produce these individuals or is seeking to delay their depositions until after Plaintiffs' class certification memorandum is due on November 4, 2011, which causes Plaintiffs obvious prejudice.

26. Plaintiffs seek dates certain for these depositions to proceed prior to November 15, 2011 so that Plaintiffs can proceed with their targeted discovery related to the class certification briefing and have a fair opportunity to brief the pertinent issues.

27. Express will not agree that employees made unpaid bank deposits at the stores and in the districts where these employees work. This is understandable, but Plaintiffs must be given a fair opportunity to engage in this limited discovery, especially since Express will argue that Plaintiffs do not have sufficient evidence of a common policy.

28. Plaintiffs have informed Express that they are willing to withdraw pertinent components of this motion if Express provides dates certain for the depositions.

   **i.    *Deposition of Julie Parks-Boyle***

29. Ms. Parks-Boyle was Plaintiff Edwards' District Manager during the time that Ms. Edwards worked for Express.

30. Express's District Managers have evidence of the bank deposit practices at the stores that they control.[1]

---

[1] For instance, another District Manager for Express, Ms. Julie Janski, testified in her deposition in the *Eggins* case that that in her role as District Manager in Wisconsin (she was a district manager of Wisconsin from 2005 until April 2010), she was personally aware of employees making bank deposits at night at all the stores she presided over as District Manager in Wisconsin. Plaintiffs contend that Express had a policy of requiring and/or permitting unpaid bank deposits at night.

31. In addition, the Store Banking Routine forms that this Court previously compelled Express to produce require a District Manager to sign that form, thereby causing the District Manager to be aware of the bank deposit practices at each individual store location.

32. On October 5, 2011, Plaintiffs' counsel requested dates for Ms. Parks-Boyle's availability for deposition (Plaintiffs had previously issued a deposition notice on September 15, 2011 for a Judy Boyle, and Express informed Plaintiffs on October 5, 2011 the exact name of the person they sought to depose was Julie Parks-Boyle).

33. Express did not respond to Plaintiffs' October 5, 2011 request for dates until 12 days later.

34. On October 17, 2011, Express stated that Ms. Parks-Boyle was essentially unavailable for nearly the entire period of October 24, 2011 through November 18, 2011 (she is on vacation from October 24-30 and is in Canada from Nov. 5-18 for company business).

35. On October 17, 2011, Plaintiffs' counsel inquired as to whether Ms. Parks-Boyle was available for deposition prior to October 24, 2011. Express's counsel did not respond to Plaintiffs' email.

36. On October 19, 2011, the parties had a telephone counsel where they discussed Ms. Parks-Boyle's deposition. Express's counsel continued to maintain that Ms. Parks-Boyle would not be available until after November 18, 2011 because she is involved in other company business.

37. During that call, Plaintiffs' counsel offered to conduct Ms. Parks-Boyle's deposition in Canada, while she is there on company business during the period of November 5-18, 2011. Express's counsel did not respond to that offer.

38. On October 21, 2011, Plaintiffs made one final attempt to reach out to Express's counsel regarding the scheduling of Ms. Parks-Boyle's deposition, and proposed that she be deposed on either October 31, 2011, or November 4, 2011, as Express's counsel did not state that Ms. Parks-Boyle had any commitments on either of those dates.

39. To date, Plaintiff's counsel has not received a response to this proposal. Accordingly, Plaintiffs seek to compel her deposition.

### ii. *Depositions of Jen Cleslak, David Alves, Regina Walker and Tina Gardea*

40. Express employees Jen Clesiak, David Alves, Regina Walker, and Tina Gardea were identified as the employees who completed the response to a survey conducted by Express in September 2010 relating to store bank deposit practices. The September 2010 survey was conducted after an Illinois class action alleging identical unpaid bank deposits was filed and before Express changed their bank deposit policies nationwide in October 2010 to forbid unpaid nightly bank deposits.

41. On October 13, 2011, Plaintiffs issued deposition notices for these four individuals to proceed in the cities and states where they work for Express (and Plaintiffs' counsel offered to travel to any agreeable location for the depositions that fit the employees' needs and defense counsel's schedule).

42. During the parties' October 19, 2011 telephone conference, Express's counsel stated that it had not yet contacted any of the persons noticed for deposition, but that counsel would do so and contact Plaintiffs' counsel regarding scheduling those depositions.

43. Plaintiffs' counsel again requested Express's counsel to determine the individuals' availability for deposition, but Express has not yet responded to this request.

44. These four individuals work for Express in New York, Pennsylvania, Texas and Massachusetts. This deposition testimony is discoverable and probative because these individuals have direct knowledge of the night bank deposit practices at the stores where they work. Additionally, each of those individuals was identified as the person who completed the September 2010 survey relating to store bank deposit practices. Each of these witnesses indicated that the store where they worked performed bank deposits at night. Accordingly, those individuals have relevant and probative evidence in this matter.

45. Plaintiffs' counsel recognize that it will be difficult to complete these four depositions before the November 4, 2011 deadline regarding their class certification memorandum, but they request that this Court order Express to provide dates certain by October October 27, 2011 and that the depositions proceed by November 15, 2011.

WHEREFORE, Plaintiffs request that this Honorable Court an Order:

a. Compelling Express to produce store bank deposit logs for the stores at which Plaintiffs worked, and a privilege log regarding the 2010 Tom Lawless survey (and all non-privileged underlying documents), on or before November 1, 2011;

b. Compelling Express to produce Ms. Parks-Boyle for deposition, on October 31, 2011 or November 4, 2011;

c. Compelling Express to provide dates by October 27, 2011 for the depositions of Ms. Clesiak, Mr. Alves, Ms. Walker, and Ms. Gardea, with the depositions to proceed by November 15, 2011; and

d. For such other relief as this Court deems appropriate under the circumstances.

DATED: October 24, 2011

> Respectfully submitted,
> ERIC WYNN, ROCHELLE EDWARDS, and
> TISHA MAR CALLO, individually and on behalf
> of a class of persons similarly situated,
>
> /s/ Thomas M. Ryan

                                                    One of Plaintiffs' Attorneys

| | |
|---|---|
| James X. Bormes<br>Law Offices of James X. Bormes, P.C.<br>8 South Michigan Avenue<br>Suite 2600<br>Chicago, IL 60603<br>(312) 201-0575 | Jeffrey Grant Brown<br>Jeffrey Grant Brown, P.C.<br>35 East Wacker Drive<br>Suite 650<br>Chicago, IL 60601<br>(312) 789-9700 |
| Thomas M. Ryan<br>Law Office of Thomas M. Ryan, P.C.<br>35 East Wacker Drive<br>Suite 650<br>Chicago, Illinois 60601<br>(312) 726-3400 | Catherine P. Sons<br>Converse Law Offices, LLC<br>8 South Michigan Avenue<br>Suite 2600<br>Chicago, IL 60603<br>(312) 789-9700 |