# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4588 | **DATE** | 12/15/2011 |
| **CASE TITLE** | Eric Wynn vs. Express, LLC | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in the Statement section of this order, "Express' Objection to the Magistrate Judge's November 17, 2011 Order" [58] is overruled. Plaintiffs' reply brief in support of their "Amended Motion for Conditional Collective Action Certification" [54] is due on or before 1/6/2012. The Court will rule electronically and set further dates at the time of ruling.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

     Pending before this court is defendant Express LLC's ("Express") "Objection to the Magistrate Judge's November 17, 2011 Order." (Dkt. No. 58.) In her November 17, 2011 order, Magistrate Judge Susan E. Cox granted, in part, Plaintiffs' motion to compel and ordered Express to produce Tina Gardea for deposition in El Paso, Texas. Specifically, Magistrate Judge Cox ordered, "Defendant is ordered to determine if Ms. Gardea requires a subpoena and, if so, defendant is to subpoena her to sit for a second scheduled deposition. Defendant is also ordered to pay the court reporter costs." (Dkt. No. 56.)

     It is undisputed that Gardea is a current employee of Express whom Plaintiffs seek to depose regarding the procedures at Gardea's Express store for making night deposits. It is also undisputed that Express agreed to the scheduling of Gardea's deposition for November 11, 2011, in El Paso, Texas, that Magistrate Judge Cox ordered Gardea's deposition to proceed as agreed, that both parties believed Gardea would appear at the November 11, 2011 deposition, and that Gardea informed counsel for Express only the evening before her scheduled deposition that she would not be appearing.

     In light of Gardea's apparent reluctance to testify, Plaintiffs sought an order from Magistrate Judge Cox "compelling [Express] to comply with this Court's Order setting forth the schedule of depositions in this matter." (Dkt. No. 51.) At the hearing on Plaintiffs' motion to compel, Magistrate Judge Cox recognized that neither Plaintiffs nor Express had been aware of the need to subpoena Gardea prior to her deposition. Magistrate Judge Cox determined, however, "that this problem[ ] lies at Express's doorstep and not at the plaintiffs'." (Dkt. No. 60-2 ("11/17/2011 Tr.") at 19:3-4.) Magistrate Judge Cox emphasized the failure of Express's counsel to explain to Gardea that she was required to appear because she had already agreed to do so, and that "if you don't appear today by agreement as you told us you would, the plaintiff is going to subpoena you and you're going to have to appear anyway." (*Id.* at 8:6-9.) Magistrate Judge Cox also repeatedly expressed her determination that "this problem could have been avoided with a little inquiry of

this employee" by Express's counsel.  (*Id.* at 19:11-12; *see also* 25:15; 28:15-16.)  Magistrate Judge Cox then ordered Express to determine if Gardea would voluntarily appear for a second scheduled deposition and, if necessary, to subpoena her.  Magistrate Judge Cox also assigned costs for the court reporter to Express.

When considering an objection to a magistrate judge's ruling on a non-dispositive issue, this court will "set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  This standard is "a high hurdle for those seeking to set aside magistrate judge orders on non-dispositive issues" because "the purpose for referral of such matters to magistrate judges would be thwarted if parties were entitled to *de novo* review and a second chance to argue discovery disputes already decided."  *Nat'l Educ. Corp. v. Martin*, No. 93 C 6247, 1994 WL 233661, at *1 (N.D. Ill. May 26, 1994) (Marovich, J.).  "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made."  *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

The Federal Rules of Civil Procedure permit courts to apportion "reasonable expenses" associated with motions to compel.  Fed. R. Civ. P. 37(a)(5)(C).  In this case, having concluded that Express was most at fault for the failure of Gardea's deposition to proceed as scheduled, Magistrate Judge Cox assigned a portion of the costs associated with Gardea's second deposition to Express, including the cost of the court reporter and the subpoena.  This determination is neither clearly erroneous nor contrary to law.

Express also takes issue with Magistrate Judge Cox's order that Express subpoena Gardea to appear at her second scheduled deposition, if necessary.  This court respectfully disagrees with Express's position that "[t]his was Plaintiffs' deposition, and Express had no obligation or ability to compel [Gardea's] appearance."  (Dkt. No. 58 at 9.)  Express *did* have an obligation to produce Gardea, as fully explained by Magistrate Judge Cox.  When parties agree to a deposition schedule, the Federal Rules of Civil Procedure do not require the use of a subpoena.  *See* Fed. R. Civ. P. 30(a) ("The deponent's attendance *may* be compelled by subpoena under Rule 45.") (emphasis added).  As Magistrate Judge Cox explained, "When I sign that order [entering the deposition schedule], I assume that those depositions were going to go forward as you committed to do."  (11/17/2011 Tr. at 26:5-6.)  This court finds no error in Magistrate Judge Cox's reasoning or application of the law in this case.  To the extent Express is concerned about the potentially negative consequences of subpoenaing its own employee to sit for a deposition, this court encourages counsel for Express to follow Magistrate Judge Cox's advice and "[t]ell [Gardea] Judge Cox is saying to her, she has nothing to fear from her testimony."  (11/17/2011 Tr. at 25:3-4.)

For the reasons set forth above, Express's "Objection to the Magistrate Judge's November 17, 2011 Order" (Dkt. No. 58) is overruled.

*James F. Holderman*

| | Courtroom Deputy Initials: | A.M.M. |
|---|---|---|